**SO ORDERED.**

**SIGNED** this 15 day of June, 2012.

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

TAPROOT SYSTEMS, INC.                    CASE NO. 11-05255-8-JRL
                                         CHAPTER 7
    DEBTOR.

## ORDER

This matter came before the court on three venture capital firms' motion for a protective order under Bankruptcy Rule 7026(c)(1)(D). A hearing was held on June 5, 2012, in Raleigh, North Carolina.

### BACKGROUND

The debtor, TapRoot Systems, Inc., filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on July 7, 2011. Holmes P. Harden was appointed as the trustee of the debtor's bankruptcy estate.

Prior to filing for bankruptcy, three venture capital firms, Harbert Venture Partners, LLC, Intersouth Partners VI, LP, and Mid-Atlantic Venture Fund IV, LP (collectively the "movants"), provided secured debt financing to the debtor. According to the debtor's schedules and statement of financial affairs, the movants own a controlling interest in the debtor. The trustee

seeks to investigate these investments and pursue potential claims against the investors and the board of directors. The trustee alleges that the movants caused the debtor to enter a sale of assets transaction and transferred the proceeds to themselves at the expense of the unsecured creditors.

In December 2009, the debtor entered into a contract with Neusoft America, Inc. in which Neusoft agreed to purchase the debtor's assets. The Hina Group ("THG") served as the broker in this transaction. On May 13, 2010, THG filed an action against the debtor and the movants in California state court. THG sought to recover the unpaid broker fee from the debtor and the movants. Law firms Wyrick Robbins and Sheppard Mullin represented the debtor; DLA Piper represented the movants. The claim against the movants was dismissed for lack of personal jurisdiction, but the claim against the debtor remained active until it was stayed by the bankruptcy filing.

The movants allege that the debtor and the movants operated under a joint defense agreement in the California litigation. They assert that the parties to the agreement "shared communications, information, documents, and other materials." Moreover, the movants state that the parties operated under the expectation of confidentiality.

On December 1, 2011, the trustee filed a motion under seal seeking approval of a joint prosecution agreement in which THG agreed to finance and manage the investigation and prosecution of potential claims against the movants. The trustee also filed a motion to employ the Silicon Valley Law Group ("SVLG") as the trustee's special counsel. SVLG also serves as THG's counsel. The court approved the motion to employ SVLG on December 21, 2011, and granted the motion approving the joint prosecution agreement on January 11, 2012.

The trustee submitted a request for all files and records relating to the debtor or Wyrick

Robbins's representation of the debtor on February 28, 2012, pursuant to 11 U.S.C. § 542(e). On the same date, the trustee made a similar request for files and records from Sheppard Mullin. Wyrick Robbins has complied with the trustee's request and turned over files and records created prior to May 8, 2010, which predate the litigation. Counsel for the movants objected to the production of the requested materials related to the California litigation on March 9, 2012, claiming that the sought materials were protected by the joint defense privilege. Not satisfied with the trustee's response to their objections, the movants filed the motion currently before the court on March 22, 2012.

## DISCUSSION

Section 542(e) of the Bankruptcy Code reads, "[s]ubject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information . . . relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee." 11 U.S.C. § 542(e). "Because the attorney-client privilege is controlled, outside of bankruptcy, by a corporation's management, the actor whose duties most closely resemble those of management should control the privilege in bankruptcy . . . ." Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 351-52 (1985). Thus, control over a corporate debtor's attorney-client privilege regarding prepetition communication vests in the trustee upon commencement of the case. See id. The court may take appropriate steps to protect the rights of parties in interest once the trustee receives the recorded information. See 5 Collier on Bankruptcy ¶ 542.06[1] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2012).

Rule 26 of the Federal Rules of Civil Procedure authorizes the court to grant a protective

order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery into certain matters." Fed. R. Civ. P. 26(c)(1)(D). Rule 26 applies to this contested matter through Rule 7026 and 9014 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 7026, 9014. The decision whether to issue a protective order is within the court's discretion. Keyes v. Lenior Rhyne College, 552 F.2d 579, 581 (4th Cir. 1977) (citing Galella v. Onassis, 487 F.2d 986 (2d Cir. 1973)).

Because the communications at issue took place in defense of a California lawsuit, the court looks there for the applicable standard. California does not recognize privileges except as provided by statute. Cal. Evid. Code § 911; see Dickerson v. Superior Court, 185 Cal. Rptr. 97, 100 (Ct. App. 1982). Section 954 recognizes attorney-client privilege. Cal. Evid. Code § 954. California has no statute providing for the common interest or joint defense privilege.[1] Raytheon Co. v. Superior Court, 256 Cal. Rptr. 425, 429 (Ct. App. 1989). The California courts have rejected the idea that the common interest doctrine is an extension of the attorney client privilege.[2] OXY Resources California, LLC v. Superior Court, 9 Cal. Rptr. 3d 621, 635 (Ct. App. 2004). Instead, the common interest doctrine is characterized as a non-waiver doctrine under California law. Meza v. H. Muehlstein & Co., 98 Cal. Rptr. 3d 422, 432 (Ct. App. 2009). Section 912(d) of the California Evidence Code provides, "disclosure in confidence of a

---

[1] Most of the case law discussing the common interest doctrine in California comes from federal courts because the Federal Rules of Evidence enable federal courts to determine privilege on a case-by-case basis. See OXY Resources California, LLC v. Superior Court, 9 Cal. Rptr. 3d 621, 634 (Ct. App. 2004) (citations omitted).

[2] In jurisdictions where recognized, the joint defense or common interest privilege is often seen as an extension of the attorney-client privilege, protecting communications between parties sharing a common interest in litigation. See In re Grand Jury Subpoena: Under Seal, 415 F.3d 333, 341 (4th Cir. 2005).

communication that is protected by [attorney-client privilege] . . . when disclosure is reasonably necessary for the accomplishment of the purpose for which the lawyer . . . was consulted, is not waiver of the privilege." Cal. Evid. Code § 912(d).

Simply demonstrating the exchange of confidential communication between two parties with an alleged common interest is insufficient. OXY Resources, 9 Cal. Rptr. 3d at 635. Instead, the party raising the doctrine "must first establish that the communicated information would otherwise be protected from disclosure by a claim of privilege." Id. Next, the court will consider whether the party has waived the privilege through voluntary disclosure to a third party. Id. Waiver occurs whenever the holder of a privilege discloses or consents to disclosure of a significant part of the communication. Cal. Evid. Code § 912(a). This is where the common interest doctrine operates as an exception. Disclosure to a third party that is "reasonably necessary to further the purpose of the legal consultation" does not waive the privileged status of the communication. Ins. Co. of North America v. Superior Court, 166 Cal. Rptr. 880, 884 (Ct. App. 1980).

The parties must reasonably expect that the communication exchanged will remain confidential. OXY Resources, 9 Cal. Rptr. 3d at 636. However, this requirement is necessary but not sufficient. Mere expectation is not enough to avoid waiver; the disclosure must also be "reasonably necessary for the purpose for which the lawyer was consulted." Id. For example, a county did not waive attorney-client privilege when it disclosed legal advice to a codefendant in a joint defense effort because it furthered the purpose for which the lawyer was consulted. California Oak Foundation v. County of Tehama, 94 Cal. Rptr. 3d 902, 905 (Ct. App. 2009) (citation omitted).

Common interest and joint defense agreements "strengthen[] the case against waiver," but they are "neither a requirement nor a guarantee." OXY Resources, 9 Cal. Rptr. 3d at 638. Such agreements will not protect confidential communication from disclosure absent a pre-existing attorney-client or work product privilege. Id. at 639.

The statutorily recognized joint client privilege does not apply here. Disclosure to a third party does not operate as a waiver when the third party is a joint client. Roush v. Seagate Tech., LLC, 58 Cal. Rptr. 3d 275, 284 (Ct. App. 2007). The definition of joint clients is: "two or more persons who have retained one attorney on a matter of common interest to all of them." Id. (citation omitted). Joint clients may not unilaterally waive attorney-client privilege. Id. Because the debtor and the movants had separate counsel representing them in the state court litigation, they are not joint clients. Moreover, section 962 of the California Evidence Code states:

> Where two or more clients have retained or consulted a lawyer upon a matter of common interest, none of them, nor the successor in interest of any of them, may claim a privilege under this article as to a communication made in the course of that relationship when such communication is offered in a civil proceeding between one of such clients (or his successor in interest) and another of such clients (or his successor in interest).

Cal. Evid. Code § 962. Thus, even if the movants and the debtor were considered joint clients, the movants may not claim a privilege to prevent disclosure of the documents to the trustee, who is now investigating potential claims against the movants.[3]

The trustee already possesses the recorded information preceding May 8, 2010, the date that the parties first asserted privilege pursuant to the joint defense agreement. Because the

---

[3] The trustee, as the representative of the estate, qualifies as a successor in interest. See 11 U.S.C. § 323(a). The estate includes all legal interests of the debtor. 11 U.S.C. § 541(a)(1).

activity that the trustee seeks to investigate largely occurred before that date, it is unclear what significance, if any, the joint defense documents will have to the trustee's case.

## CONCLUSION

Based on the foregoing findings of fact, the movants' motion for a protective order is **DENIED** to the extent that it seeks to prevent disclosure to the trustee. The court directs Wyrick Robbins and Sheppard Mullin to turn over the litigation documents to the trustee. In the interim, the court directs the trustee not to share the documents with or reveal their contents to either THG or SVLG. After the trustee's review, should he conclude that disclosure to the debtor's special counsel is necessary in the interests of litigation, he is directed to submit the documents to the court for in camera review and application of the principles described herein to determine whether further disclosure is appropriate.

**END OF DOCUMENT**