**SO ORDERED.**

**SIGNED this 11 day of July, 2013.**

_____

**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

**IN RE:**

**TAPROOT SYSTEMS, INC.,**                         **CASE NO. 11-05255-8-JRL**

    **DEBTOR.**                                   **CHAPTER 7**

### ORDER

This matter came before the court on the trustee's motion for an in camera review of documents produced pursuant to the court's June 15, 2012 order. A response in opposition to the motion was filed by Harbert Venture Partners, LLC, Intersouth Partners IV, LP, and Mid-Atlantic Venture Fund IV, LP (collectively, the "Venture Funds"). In his motion for an in camera review, the trustee requests that the court determine the documents in question are not privileged or, if they are privileged, that any privilege has been waived, and permit the trustee to give the documents to his special counsel.

### Background

The debtor, TapRoot Systems, Inc., filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on July 7, 2011. Holmes P. Harden ("trustee") was appointed as the trustee of the debtor's bankruptcy estate.

On March 22, 2012, the Venture Funds filed a motion seeking a protective order.  This filing was in response to the trustee's written request for documents from two law firms that represented the debtor prior to bankruptcy in litigation brought by The Hina Group Holdings, Ltd. and The Hina Group Inc. (collectively "Hina") in the Superior Court of Santa Clara County, California (the "California action").  Along with the debtor, the Venture Funds were defendants in the California action.  The debtor was represented by Wyrick Robbins Yates & Ponton, LLP ("Wyrick Robbins") and Sheppard Mullin Richter & Hampton, LLP ("Sheppard Mullin") in the California action.  The trustee sought from Wyrick Robbins and Sheppard Mullin all files and records relating to the debtor or the firms' representation of the debtor, including all documents and electronically stored information.

The basis for the Venture Funds' motion for protective order was that in defending against Hina's claims in the California action the Venture Funds and the debtor were operating under a joint defense agreement in which the parties shared communications, information, documents, and other materials and operated under the expectation of confidentiality.  The Venture Funds argued that the production of the requested materials to the trustee would violate the common interest doctrine, or joint defense doctrine, because such production would be tantamount to turning the documents over to Hina.  This is because, the Venture Funds argued, the trustee and Hina entered into an agreement concerning certain estate claims (the "joint prosecution agreement") in which Hina agreed to finance and manage the investigation and prosecution of potential claims against the Venture Funds.  The trustee's special counsel is the Silicon Valley Law Group ("SVLG").  SVLG also serves as Hina's

counsel.[1]

Following the hearing on the Venture Funds' March 22, 2012 motion for protective order, the court entered an order on June 15, 2012 denying the motion to the extent that the motion sought to prevent disclosure to the trustee, as the trustee is a successor in interest of the debtor. The court directed Wyrick Robbins and Sheppard Mullin to turn over the requested materials to the trustee; however, the court ordered that the trustee not share the materials or reveal their contents to Hina or SVLG. If, after a review of the materials, the trustee concluded that disclosure to SVLG is necessary in the interest of litigation, the court directed that he submit the documents to the court for in camera review to determine whether such disclosure is appropriate.

On May 17, 2013, the trustee filed the motion for in camera review seeking a determination from the court that certain documents produced are not privileged or that any privilege has been waived and permission to give the documents to his special counsel. In his motion, the trustee contends that the documents are relevant and material to the bankruptcy litigation and should be examined by SVLG and Battle, Winslow, Scott & Wiley, P.A ("Battle Winslow"). The Venture Funds filed their response in opposition to the trustee's motion on June 12, 2013, again raising the argument that the protection afforded to the parties under the common interest doctrine has not been waived.

## Discussion

California law characterizes the common interest doctrine as a nonwaiver doctrine rather than an extension of the attorney-client privilege. <u>Meza v. H. Muehlstein & Co.</u>, 98 Cal. Rptr.3d

---

[1]Hina's claims against the Venture Funds in the California action were dismissed for lack of personal jurisdiction. With respect to the debtor, the California action was stayed by the filing of the debtor's bankruptcy.

422, 432 (Cal. Ct. App. 2009); <u>OXY Res. California, LLC v. Superior Court</u>, 9 Cal. Rptr.3d 621,

635 (Cal. Ct. App. 2004); <u>see</u> Cal. R. Evid.§ 911 (California does not recognize privileges except

as provided by statute); <u>Dickerson v. Superior Court</u>, 185 Cal. Rptr. 97, 100 (Cal. Ct. App. 1982).

> [T]he party seeking to invoke the [common interest] doctrine must first establish that the communicated information would otherwise be protected from disclosure by a claim of privilege.  For example, the content of the communication may comprise information shared in confidence by a client with his or her attorney, a legal opinion formed and advice given by the lawyer in the course of the attorney-client relationship, or a writing reflecting an attorney's impressions, conclusions, or theories.  The next step in the analysis is to determine whether disclosing the information to a party outside the attorney-client relationship waived any applicable privileges.

<u>OXY,</u> 9 Cal.Rptr.3d at 635.

In applying the first step of this analysis to the materials at issue here, the court finds that the

documents produced for in camera review would be protected from disclosure by the attorney-client

privilege or the work product doctrine.  The analysis then turns to whether the disclosure to the other

party to the joint defense agreement, the debtor, resulted in a waiver of the privilege.

With regards to waiver, a disclosure in confidence of a communication that is protected by

the attorney-client privilege, when such disclosure is reasonably necessary for the accomplishment

of the purpose for which the law was consulted, is not a waiver of the privilege.  Cal. R. Evid. § 912.

Thus, the attorney-client privilege has not been waived if a communication intended to be

confidential is "made to attorneys, to family members, business associates, or agents of the party on

matters of joint concern, when disclosure of the communication is reasonably necessary to further

the interest of the litigant."  <u>Ins. Co. of N. Am. v. Superior Court</u>, 166 Cal. Rptr. 880, 885 (Cal. Ct.

App. 1980).  California courts recognize that the waiver doctrine is applicable to the work product

rule as well as the attorney-client privilege. <u>OXY</u> at 636.

>    Applying the[] waiver principles in the context of communications among parties with common interests, it is essential that participants in an exchange have a reasonable expectation that information disclosed will remain confidential.  If a disclosing party does not have a reasonable expectation that a third party will preserve the confidentiality of the information, then any applicable privileges are waived. An expectation of confidentiality, however, is not enough to avoid waiver. In addition, disclosure of the information must be reasonably necessary for the accomplishment of the purpose for which the lawyer was consulted.  *Thus, for the common interest doctrine to attach, most courts seem to insist that the two parties have in common an interest in securing legal advice related to the same matter–and that the communications be made to advance their shared interest in securing legal advice on that common matter.*

OXY at 636-37 (citations omitted) (emphasis added).  An explicit agreement such as a joint defense agreement strengthens the case against waiver but is neither a requirement nor a guarantee.  OXY, at 638.

Here, the debtor and the Venture Funds shared the common interest of defending Hina's claims in the California action.  This clearly was a common interest in securing legal advice related to the same matter.  Furthermore, the communications at issue were made to advance their shared interest in securing legal advice on that common matter.  Additionally, the Venture Funds asserted that the parties were operating under such a joint defense agreement.  This is a clear case where the common interest doctrine applies such that the communication of information between parties that would otherwise be protected by the attorney-client privilege or work product doctrine did not waive the applicable privilege.

The general rule with regard to materials protected by the common interest doctrine or a joint defense agreement is that one party to the agreement cannot unilaterally waive the protection. United States v. Gonzalez, 669 F.3d 974, 982 (9th Cir.  2012) ("the case law is clear that one party to a [joint defense agreement] cannot unilaterally waive the privilege for other holders"); Durkin v. Shields, (In re Imperial Corp. of America), 179 F.R.D. 286, 289 (S.D. Cal. 1998) ("[U]nder the

common interest privilege, waiver of the privilege requires consent of all parties who share the privilege."); United States v. BDO Seidman, LLP, 492 F.3d 806, 817 (7th Cir. 2007) ("[T]he privileged status of communications falling within the common interest doctrine cannot be waived without the consent of all the parties."). This is not to say that the parties to such an agreement cannot use information protected by the common interest doctrine against each other in subsequent adverse proceedings. See Restatement of the Law Governing Lawyers § 76 (2000) (The privilege in common-interest agreements) ("a communication [protected by a common interest arrangement] is not privileged as between [the parties to the arrangement] in a subsequent adverse proceeding between them"); In re Mirant Corp., 326 B.R. 646, 650 (Bankr. N.D. Tex. 2005); see also Cal. R. Evid § 962 (joint *clients* may not claim privilege in a civil proceeding between themselves) (emphasis added).

In In re Madison Mangement, a chapter 7 trustee filed a motion to set aside a protective order to disclose joint defense materials to a third party on the grounds that the protection has been lost because the parties to the joint defense agreement had become adverse. The court denied the trustee's motion, finding that the materials were still protected against disclosure to third parties.

> [T]he adversity or subsequent litigation exception has only been applied *between* the parties whose interests were originally joined. In those situations, . . ., there is no longer any purpose for containing information to which both parties have already had access. They are now using it against each other. *It is quite a different matter, however, to reveal the information to a third party unless both of the parties whom the privilege is protecting consent to waive it.*

In re Madison Mgmt Grp, Inc., 212 B.R. 894, 897 (Bankr. N.D. Ill. 1997).

Here, the trustee and the Venture Funds have become adverse parties. The Venture Funds have not waived the attorney-client privilege that exists to protect the common interest communications. Therefore, the trustee cannot disclose the communications to a third party.

6

However, such communications can be used between the parties, the trustee and the Venture Funds, in subsequent litigation. Use of such information typically includes the turnover of the information to one's counsel. Therefore, the trustee is authorized to turnover the material to his counsel, SVLG and Battle Winslow, solely for use against the Venture Funds in the bankruptcy litigation and for no other purpose. Neither the trustee nor his counsel is authorized to turnover the information to Hina. This is not authorization for the information to be used in the parallel state court litigation in which Hina is a party; that is an issue for the judge in the state court litigation to decide.

<u>**Conclusion**</u>

Based on the foregoing and after an in camera review of the documents at issue, the court concludes that the documents submitted for an in camera review are privileged and that the privilege has not been waived. However, as set forth above, the trustee can turnover the documents to his counsel solely for use against the Venture Funds in the bankruptcy litigation.

**END OF DOCUMENT**